**SO ORDERED.**

**SIGNED this 31 day of July, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

    **MALCOLM MCFALL BABB,**
        Debtors.                                    Case No. 06-03003-8-JRL

    **CAROLINA FIRST BANK,**                Adversary Proceeding No.:
        Plaintiff,                                06-00270-8-AP

v.

    **MALCOLM MCFALL BABB,**
        Defendant.
_____

## **ORDER**

    This case is before the court on Carolina First Bank's motion to stay the adversary proceeding and its motion to continue the deadline to answer interrogatories and request for production of documents. Also, before the court is the debtor's motion to lift the stay. The court conducted a hearing on these matters in Wilmington, North Carolina on July 18, 2007.

    On September 22, 2006, the debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. Carolina First Bank filed a complaint on December 21, 2006, seeking denial of the debtor's discharge and denial of confirmation of the debtor's proposed chapter 13 plan, as well as moving to convert the debtor's chapter 13 case to a case under chapter 7. On February

26, 2007, the court converted the debtor's chapter 13 case to a case under chapter 7. Therefore, the only remaining issue in this adversary proceeding is the cause of action to deny the debtor's discharge. On May 25, 2007, the chapter 7 trustee, James Angell, instituted an adversary proceeding against the debtor seeking denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a). The grounds alleged in the trustee's complaint are generally the same as those set forth in Carolina First Bank's complaint. Carolina First Bank requests that the court stay its adversary proceeding pending the court's determination and ruling in the trustee's adversary proceeding seeking the denial of the debtor's discharge.

The court "has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings[.]" Nat'l Shopmen Pension Fund v. Folger Adam Security, Inc., 274 B.R. 1, 3 (D.D.C. 2002) (citing Landis v. North American Co. 229 U.S. 248, 254, 57 S.Ct. 163 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 229 U.S. at 254, 57 S.Ct. 163 at 166.

The allegations set forth by the trustee and Carolina First Bank in their complaints pertain to real estate owned or allegedly owned by the debtor. The plaintiffs assert that the debtor failed to disclose the debtor's ownership of certain real estate properties on his bankruptcy schedules. As to the properties the debtor did list on his schedules, both plaintiffs contend that the debtor grossly underestimated the value of those properties. The factual issues in the two adversary proceedings are essentially the same, and both adversary proceedings seek to deny the debtor's discharge pursuant to 11 U.S.C. § 727(a).

Carolina First Bank contends, that if the trustee succeeds in obtaining the denial of the

debtor's discharge, then the adversary proceeding of Carolina First Bank would be mooted and would be appropriate for dismissal. Carolina First Bank argues that staying its adversary proceeding pending the results obtained in the trustee's adversary proceeding would prevent the incurrence of unnecessary and duplicative time, cost, judicial administration, and litigation. Additionally, Carolina First Bank agrees to be bound by any judicial determination reached in the trustee's adversary proceeding pertaining to the debtor's discharge.

The court finds that it would be in the best interest of all parties to stay the Carolina First Bank adversary proceeding pending an outcome of the trustee's adversary proceeding. The plaintiffs allege essentially the same facts and seek identical relief against the debtor. The continuation of both adversary proceedings would result in unnecessary and duplicative time and cost for the plaintiffs, the court, and most importantly the debtor. Furthermore, if the court reaches a judgment in the trustee's adversary proceeding, such judgment will have a collateral estoppel effect against Carolina First Bank.

The debtor requests that the automatic stay be lifted in his bankruptcy case so that he may file an action in South Carolina state court to determine the ownership of real property located at 4668 River Road, Little River, South Carolina. The River Road property is titled in the name of M. McFall Babb. The debtor contends that the River Road property is owned by his son, Mitchell McFall Babb. The trustee on the other hand argues that the debtor is the true owner of the River Road property. Therefore, according to the trustee the River Road property is property of the estate and can be sold for the benefit of the debtor's creditors. In order to determine who owns the River Road property, the trustee has scheduled a 2004 Examination of Mitchell McFall Babb. Based on the information received during the 2004 Examination, the trustee may decide to

bring an action to quiet title to the River Road property.

This court has jurisdiction over all core proceedings arising under title 11. 28 U.S.C. § 157(b)(1).  Core proceedings include, but are not limited to: "(A) matters concerning the administration of the estate; . . . [and] (O) other proceedings affecting the liquidation of the assets of the estate[.]" 28 U.S.C. § 157(b)(A), (O). Since the issue of ownership of the River Road property may concern the administration of the estate and may affect the liquidation of assets of the estate, the ownership issue should be determined in a core proceeding before this court. Therefore, if the trustee determines that the issue of ownership of the River Road property needs to be adjudicated he can bring such an action when appropriate. Thus, there is no basis on which to allow the debtor to bring an action in South Carolina to quiet title to the River Road property.

Based on the forgoing, Carolina First Bank's motion to stay its adversary proceeding is GRANTED.  Its adversary proceeding against the debtor is stayed pending a judicial determination or consent order in the trustee's adversary proceeding pertaining to the debtor's discharge. If the court reaches a judgment in the trustee's adversary proceeding, such judgment will have a collateral estoppel effect against Carolina First Bank.  Subsequently, Carolina First Bank's motion to continue the deadline to answer the interrogatories and request for production of documents is GRANTED. The deadline to respond to the defendant's first interrogatories and request for production of documents is extended to thirty days from the date of an order reinstating this adversary proceeding, should such an order be entered in the future. Additionally, the debtor's motion to lift the automatic stay is DENIED.

**"END OF DOCUMENT"**